UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANTHONY LAROCCO, et al., )
)
    Plaintiffs, )
)
v. ) No. 3:05-CV-322
) (Phillips)
PRESERVE REAL ESTATE, LLC, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the court on the following motions filed by the parties: (1) defendant Preserve Real Estate's motion to dismiss or stay proceedings [Doc. 5]; (2) defendant Thomas Homes' motion to dismiss or stay proceedings [Doc. 8]; and (3) plaintiffs' motion to strike [Doc. 17].

## Background

The factual background is taken from plaintiffs' complaint. Plaintiffs are the owners of a condemned house in Forest Springs, a planned unit development located in, Gatlinburg, Tennessee. Plaintiffs purchased the house in July 2004 from the builder, defendant Thomas Homes. Defendant Preserve is the owner and developer of Forest Springs. On December 12, 2004, a six-inch main water line located near the house broke and spilled approximately 80,000 gallons of water in the ground around the house. Preserve was responsible for the maintenance and repair of the water line. Additionally,

sometime in 2004, Preserve attempted to build a road directly below the house, which fell, removing natural support from plaintiff's house. The foundation and structural integrity of the house were damaged such that the house moved off its foundation and started to slide down the side of the hill. On April 8, 2005, a Gatlinburg building official posted a notice on the house designating the house as unsafe for occupancy. Plaintiffs were notified the house was damaged and continuing to move at a rapid pace, and that the house would need to be repaired or razed. The house remains in danger of sliding down the hill and may cause damage to property and persons below.

Defendant Preserve alleges that defendant Thomas Homes is responsible for damages to the house because of its negligent excavation and/or construction of the house. Plaintiffs have been advised that any attempted repair to the foundation of the house would be futile, due to the fact that if such repairs are undertaken, the house and foundation would move as one unit if the slope on which it rests in Forest Springs fails. Plaintiffs have been further advised that the only remedy to insure that the house will not fall is a large-scale and costly repair of the entire slope on which the house rests, which property is owned by defendant Preserve or others who have purchased property in Forest Springs.

On June 13, 2005, defendant Preserve Real Estate filed a lawsuit in the Circuit Court for Sevier County, Tennessee against the plaintiffs and various other parties seeking monetary compensation for damages allegedly sustained as a result of the actions

of the various defendants. In the state court action, Preserve has alleged fraudulent concealment and misrepresentation as to the status and transfer of the land to Preserve, as well an action in nuisance caused by the same circumstances alleged in plaintiffs' complaint herein. Plaintiffs filed the instant lawsuit on June 27, 2005, seeking monetary compensation for damages sustained to their house in Forest Springs allegedly as a result of the actions of Preserve and Thomas Homes, LLC.

## I

Defendants Preserve Real Estate and Thomas Homes have moved to dismiss this action or to stay proceedings until the state court matter has been fully determined. In support of the motion, defendants state that the instant suit was filed on June 27, 2005. On June 13, 2005, Preserve filed a lawsuit in the Circuit Court for Sevier County styled *Preserve Real Estate, LLC v. Thomas Homes, LLC, et al.,* Case No. 1005-0420-IV, which case remains pending in the state court. Defendants aver that the two suits involve the identical subject matter and are between the same parties, with the sole exception being the state court suit involves additional parties, which defendants allege are necessary and indispensable for a complete and proper determination of the issues joined. Further, defendants allege the two cases involve property torts to real estate located in Sevier County, Tennessee, which makes judicial determination more properly made in the state court. Under either the doctrine of "prior suit pending" or the "first-filed rule", and because the subject matter of the two suits involves real property located in Sevier County,

Tennessee, defendants assert this matter should be dismissed or, in the alternative, the court should stay these proceedings until the state court matter has been fully determined.

Plaintiffs oppose defendants' motions stating that they have filed a motion for summary judgment in the state court action as to all claims against them which they expect to be granted by the state court. Therefore, this court should not dismiss or stay this case because doing so would result in plaintiffs being required to re-file their present suit before the court which would be unduly burdensome and contradict the principles of fairness and judicial economy.

The court notes that the state court action was filed as a declaratory judgment action pursuant to Tenn. Code Ann. § 29-14-101 *et seq.* and Rule 57 of the Tennessee Rules of Civil Procedure, seeking clarification as to the rights and responsibilities of the parties with regard to the circumstances and transactions placed in issue, including all of the real property in Forest Springs in which the plaintiffs' land is included. According to T.C.A. § 29-14-102, the state court has the power to declare rights, status, and other legal relations with regard to the subject matter of the cause of action and § 103 permits "any person interested under a deed" or "written contract" to seek from the court answers to questions of "validity" and "status." In the state court proceeding, Preserve has placed at issue the status of the subject real property. Additionally, Preserved has raised in the state court action the issue of nuisance caused by the same circumstances giving rise to the plaintiffs' claims herein. The abatement of a nuisance created on land, as well as the

status of the title of the subject property, and consequently, who is liable to whom for damages, is more properly heard in the state court proceeding. The liabilities which the plaintiffs here seek to satisfy may very well be found to lay with parties the plaintiffs have not joined here, but who Preserve has included in its suit pending in state court.

It appears to the court that the lawsuit filed by Preserve in the state court is based on the same set of facts and circumstances upon which the plaintiffs here based this action. The court finds that it would be an undue burden on the parties to maintain duplicate lawsuits, one here and another in state court. Further, the interests of judicial economy dictate that this action be stayed pending the outcome of the state court action. If plaintiffs are dismissed from the state court action, they may petition the court to lift the stay and proceed with their suit in this court.

## II

Plaintiffs have moved to strike defendant Preserve Real Estate's reply and supporting memorandum in opposition to their response to defendant's motion to dismiss or stay proceedings. By separate order entered September 21, 2005, the court granted Preserve Real Estate's motion to supplement the record [Doc. 25]. Accordingly, plaintiffs' motion to strike [Doc. 17] will be denied as moot.

## Conclusion

For the reasons stated above, defendants' motions to dismiss or in the alternative to stay proceedings [Docs. 5, 8] are hereby **GRANTED,** and this matter is **STAYED** pending outcome of the case filed in the Circuit Court for Sevier County, Tennessee styled *Preserve Real Estate, LLC v. Thomas Homes, LLC, et al.,* Case No. 1005-0420-IV.

Plaintiffs' motion to strike [Doc. 17] is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge